# EXHIBIT "A"

8/31/2017 7:06 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-004761
Ruben Tamez

CAUSE NO. D-1-GN-17-004761 _____

| | | |
|---|---|---|
| VIEW APARTMENTS, LP, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY | § | |
| | § | |
| | § | 98TH |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, View Apartments, LP (hereinafter "Plaintiff"), and complains of Defendant Zurich American Insurance Company (hereinafter "Zurich"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff View Apartments, LP is a Delaware limited partnership registered to do business in Texas with its principal place of business at 3100 McKinnon Street, Suite 250, Dallas, TX, 75201. View Apartments, LP owned the apartment community located in Travis County known as Elevation Apartments, located at 1191 Willow Creek Road, Austin, TX 78741 (the "Property").

Unofficial copy Travis Co. District Clerk Velva L. Price

3.   Defendant Zurich is a New York insurance company doing business in Texas procuring and adjusting policies. Zurich's attorney for service in Texas is Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## III.
## JURISDICTION AND VENUE

4.   This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law.  The amount in controversy exceeds the minimum jurisdictional limits of this Court.

5.   This court has jurisdiction over Zurich because Zurich purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over Zurich and the assumption of jurisdiction over Zurich will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.   Venue is proper under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, as all or a substantial part of the events giving rise to this suit occurred within Travis County.

## IV.
## NATURE OF THE CASE AND BACKGROUND FACTS

7.   This matter is a first party insurance dispute regarding the extent of damages and amount of loss suffered at the Property in this matter.  In addition to seeking economic and penalty based damages from Zurich, Plaintiff also seeks compensation from Zurich for damages caused by improperly evaluating the extensive losses associated with this case.

8.   Plaintiff is a named insured on Zurich's commercial insurance policy CPO 9819368-01 (the "Policy") covering the Property for loss due to wind and rain, among other enumerated perils from April 29, 2015 to April 29, 2016.

9.   On or about May 23, 2015, a severe wind and/or hail storm struck Austin, Texas, and its surrounding counties and towns.  In addition to hail, extraordinary and sustained wind and strong gusts, endured at the ground level. Accordingly, the Property suffered significant damage due to the storm.

10. In the aftermath, Plaintiff submitted a claim to Zurich against the Policy for roof damage and water damage that the Property sustained as a result of the weather event. Plaintiff sustained extensive damage to the modified bitumen roofs and interiors of its buildings.

11. After receiving notice of Plaintiff's claim, Zurich assigned an adjuster to adjust the claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim.

12. Zurich, through its adjusters, conducted a substandard inspection of Plaintiff's property. More specifically, Zurich's adjuster failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claims, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to timely and properly report to Zurich and make recommendations to it with regard to Plaintiff's claims.

13. The inadequacy of Zurich's inspection is evidenced by its failure to find any damage to the Property. More specifically, Zurich found no evidence of wind or hail damage to the roofs, windows, gutters, downspouts or mechanical system on the Property and therefore made no payments to Plaintiff. In contrast, Plaintiff's forensic consultant found $3,279,131.00 in damages caused by the storm.

14. As a result of Zurich's improper investigation, Zurich failed to provide Plaintiff with any funds to cover the costs of adequate repairs for the damages sustained. Zurich's inadequate

3

investigation further resulted in Plaintiff's claim being improperly denied and delayed even though the Policy provided coverage for the losses suffered by Plaintiff.

15. Zurich failed to properly oversee its adjusters and the investigation of Plaintiff's claim, resulting in an unreasonable investigation and improper handling. As a result of Zurich's improper actions, Plaintiff's claims were underpaid.

16. Zurich misrepresented to Plaintiff that there were no damages, when, in fact, the its investigation failed to find Plaintiff's properly covered damages and failed to allow for adequate amounts to cover the costs of repair.

17. Ultimately, Zurich underscoped and undervalued Plaintiff's damages, thereby depriving Plaintiff of the adequate payment it was due under the Policy.

18. Pursuant to its obligations as a policy holder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, its commercial policy covered Plaintiff during the time period within which the severe weather event occurred.

19. Despite Plaintiff's efforts, Zurich continually failed and refused to pay Plaintiff in accordance with its promises under the Policy. Zurich failed to make any attempt to settle Plaintiff's claims in a fair manner, although its liability to Plaintiff under the Policy is without dispute.

20. In the months following the filing of its claim, Plaintiff provided information to Zurich, and gave Zurich opportunities to inspect the Property. Through negligence and/or internal pressure exerted on them by Zurich to keep payments low by denying valid claims, Zurich's adjusters, failed to conduct a fair investigation into the damage to the Property.

21. Despite Zurich's improprieties, Plaintiff continued to provide information regarding the losses and the related claims to Zurich, including, but not limited to reports by Plaintiff's

4

forensic consultants. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Zurich failed to properly adjust the claims and the losses. As a result, to this date, Plaintiff has not received proper payment for the claims, even though notification was provided shortly after the loss.

22. Zurich has failed to sufficiently explain the reasons for its refusal to offer adequate compensation for the damage to the Property. Zurich did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy.

23. Zurich has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Zurich in a timely manner.

24. Zurich has, to date, refused to fully compensate Plaintiff under the terms of the Policy that Plaintiff paid for, even though it was Zurich that failed to conduct a reasonable investigation. Ultimately, Zurich performed a result-oriented investigation of Plaintiff's claims that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

25. Zurich failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

26. As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Zurich. Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

Unofficial copy Travis Co. District Clerk Velva L. Price

## V.
## CONDITIONS PRECEDENT

27.  All conditions precedent to recovery by Plaintiff have been met or have occurred.

## VI.
## AGENCY

28.  All acts by Zurich were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Zurich and/or were completed in their normal and routine course and scope of employment with Zurich.

## VII.
## CAUSES OF ACTION

### Count I - Negligence

29.  Plaintiff hereby incorporates all above paragraphs as if fully set forth herein.

30.  Zurich owed a legal duty to Plaintiff to properly adjust the structural loss, property damage and other insurance losses associated with the Plaintiff's Property.  Zurich breached this duty in a number of ways, including but not limited to the following:

a.  Zurich was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's commercial property loss;

b.  Zurich had a duty to competently and completely handle and pay all damages associated with Plaintiff's commercial Property; and/or

c.  Zurich failed to properly complete all adjusting activities associated with Plaintiff.

31.  Zurich's acts, omissions, and/or breaches directly and proximately caused damage to Plaintiff.

6

## Count II – Breach of Contract

32.  Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33.  According to the Policy, Zurich had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for claims made due to the extensive damages caused by the severe weather event.

34.  As a result of the severe weather event, Plaintiff's Property suffered severe external and internal damages, and Plaintiff suffered additional business losses.

35.  Despite objective evidence of such damage, Zurich breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff's benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## Count III – Violations of Texas Deceptive Trade Practices Act and Tie-In-Statutes

36.  Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

37.  Zurich's actions constitute violations of the Deceptive Trade Practices Act ("DTPA"), including but not limited to Sections 17.46(b)(12), 17.46(b)(14), 17.46(b)(20), 17.46(b)(24), and Section and 17.50(b)(4) of the Texas Business and Commerce Code.

38.  Zurich engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b.   Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

c.   Using or employing an act or practice in violation of the Texas Insurance Code;

d.   Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claims;

e.   Failing to properly investigate Plaintiff's claims; and/or

f.   Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Zurich in low-balling and/or denying Plaintiff's claim.

39.   Zurich represented to Plaintiff that the Policy and Zurich's adjusting and investigative services had characteristics or benefits that they actually did not have, which entitles Plaintiff to recover under DTPA Section 17.46(b)(5).

40.   Zurich represented to Plaintiff that the Policy and Zurich's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, in violation of DTPA Section 17.46(b)(7).

41.   By representing that Zurich would pay the entire amount needed by Plaintiff to repair the damages caused by a severe wind event and then not doing so, Zurich has violated Sections 17.46(b)(5), (7), and (12) of the DTPA.

42.   Zurich has breached an express warranty that damage caused by a severe wind event would be covered under the subject insurance policies.  This breach entitles Plaintiff to recover under DTPA Sections 17.46(b)(12) and (20) and 17.50(a)(2).

8

43. Zurich's actions, as described herein, were unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Zurich's unconscionable conduct entitles Plaintiff to relief under DTPA Section 17.50(a)(3).

44. Zurich's conduct, acts, omissions, and failures, as described in this Petition, constituted unfair practices in the business of insurance in violation of DTPA Section 17.50(a)(4).

45. Plaintiff was a consumer, as defined under the DTPA, and relied upon Zurich's false, misleading, and deceptive acts and practices to its detriment. As a direct and proximate result of Zurich's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.

46. All of the above-described acts, omissions, and failures of Zurich are a direct and proximate cause of Plaintiff's damages.

47. Because Zurich's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Zurich having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Zurich having intentionally committed such conduct.

48. As a result of Zurich's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Texas Business and Commerce Code Section 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

9

**Count IV - Violations of Texas Insurance Code**

49.  Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

50.  Zurich's violations of the Insurance Code include, without limitation, all the conduct described herein and Zurich's failure to properly investigate Plaintiff's claims. They also include Zurich's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and its failure to pay for the proper repair of the Property, as to which Zurich's liability had become reasonably clear.

51.  Additional violations include Zurich's hiring of and reliance upon a biased adjuster and/or engineer to obtain favorable, result-oriented reports to assist them in low-balling and denying Plaintiff's claim. They further include Zurich's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Zurich's misrepresentations of coverage under the subject insurance policy.

52.  More specifically, Zurich's actions constitute unfair methods of competition and unfair or deceptive acts or practices as well as prompt payment failures in violation of the Texas Insurance Code, including but not limited to, Sections 541.060 and 541.061. 542.055, 542.056, 542.058.

53.  Zurich engaged in the following non-exhaustive unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:

a.  Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b.  Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Zurich's liability has become reasonably clear;

c.  Failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

10

     d.     Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff and to submit a reservation, or to submit a reservation of rights to Plaintiff;

     e.     Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered;

     f.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

     g.     Misrepresenting an insurance policy by making an untrue statement of material fact and/or making a statement that would mislead a reasonably prudent person to a false conclusion of a material fact

54. Zurich engaged in the following non-exhaustive prompt payment failures:

     a.     Failing to acknowledge receipt of Plaintiff's claim, commence investigation of the claim and request from Plaintiff all items, statements and forms that the insurer reasonably believes will be required from the claimant within the applicable time constraints.

     b.     Failing to notify Plaintiff in writing of the acceptance or rejection of a claim within the time constraints required after receiving all items, statements and forms required by Zurich to secure final proof of loss.

     c.     Delaying payment of Plaintiff's claim following Zurich's receipt of all items, statements and forms reasonably requested and required for longer than the applicable time constraints.

55. Plaintiff was an insured or beneficiary of a claim that was apparently valid, and Plaintiff relied upon Zurich's unfair or deceptive acts or practices to its detriment.

56. As a direct and proximate result of Zurich's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

57. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Zurich's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, additional damages in an amount not to exceed three times the amount of actual damages.

11

58. As a result of Zurich's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under Section 17.50(d) of the Texas Business & Commercial Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## Count V – Breach of Duty of Good Faith and Fair Dealing

59. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

60. By its acts, omissions, failures and conduct, Zurich breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its refusal.

61. Zurich has also breached its duty of good faith and fair dealing owed to Plaintiff by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim when Zurich knew or should have known that it was reasonably clear that Plaintiff's claims were covered.

62. It is clear based on Zurich's refusal to acknowledge the deficiencies in its investigation that Zurich's investigation was conducted in a manner calculated to construct a pretextual basis for denial.

63. These acts, omissions, failures, and conduct by Zurich are a proximate cause of Plaintiff's damages.

## Count VI - Misrepresentation

12

64.  Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

65.  Zurich made misrepresentations regarding the Policy, Z coverage and the adequacy of its investigation to Plaintiff.

66. Zurich failed to exercise reasonable care or competence in obtaining to communicating the misrepresentations.

67. Plaintiff justifiably relied on Zurich's misrepresentations and as a direct and proximate result suffered damages, including but not limited to actual damages, loss of irs businesses, loss of use of its businesses and attorney fees. Zurich is liable for the actual, consequential and penalty-based damages.

### Count VII – Common-Law Fraud By Misrepresentation

68.  Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

69. Zurich made misrepresentations regarding the Policy, Plaintiff's coverage and the adequacy of its investigation to Plaintiff.

70. Zurich knew its representations were false, or made the representations recklessly without knowledge of its truth or falsity.

71. Zurich made its misrepresentations with the ignition that Plaintiff act in reliance upon them.

72. Plaintiff acted in reliance on the misrepresentations and as a direct and proximate result suffered damages, including but not limited to actual damages, loss of its businesses, loss of use of its businesses and attorney fees. Zurich is liable for these actual, consequential and penalty-based damages.

13

## VIII.
## WAIVER AND ESTOPPEL

73.  Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

74.  Zurich has waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## IX.
## DAMAGES

75.  The damages Plaintiff seeks are within the jurisdictional limits of this court.

76.  Plaintiff seeks monetary relief over $1,000,000.

## X.
## ADDITIONAL DAMAGES & PENALTIES

77.  Zurich's conduct was committed knowingly and intentionally. Accordingly, Zurich is liable for additional damages under DTPA Section 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is entitled to 18% interest on the amount of its claim, allowed by the Texas Insurance Code.

## XI.
## ATTORNEY'S FEES

78.  In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and Sections 38.001 *et. seq.* of the Civil Practice and Remedies Code.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Judgment be entered against Zurich, that Plaintiff be awarded all of its actual damages, consequential damages,

14

prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or unpled within its Original Petition.

Unofficial copy Travis Co. District Clerk Velva L. Price

Respectfully submitted,

The Bukowski Law Firm, P.C.

Sean Bukowski
Texas Bar No. 24031896
1601 Rio Grande, Suite 300
Austin, Texas 78701
sbukowski@bukowskilawfirm.com
(512) 614-0335
(832) 201-0822 (fax)

**ATTORNEYS FOR PLAINTIFF**

16